Decided 17 September, 1900.

## STATE EX REL. *v.* GRAND JURY.

[ 62 Pac. 208.]

DISMISSING APPEAL—TERMINATION OF CONTROVERSY.

Where conditions have so changed that a decision of the court could not be made effective, an appeal will be dismissed; thus, where a writ of mandamus to compel a grand jury to inquire into a criminal charge is refused, and afterward the grand jury is discharged, so that it becomes impossible to enforce a judgment against it, if one should be rendered by the appellate court, the appeal will be dismissed: *Moores* v. *Moores*, 36 Or. 261, applied.

From Multnomah : ALFRED F. SEARS, JR., Judge.

Application by the State of Oregon, on relation of Charles F. Lord, District Attorney for the Fourth Judicial District, for writ of mandamus to compel the grand jury of Multnomah County to inquire into a certain criminal charge. From a judgment dismissing the writ, plaintiff appeals.    DISMISSED.

For appellant there was a brief by *Mr. D. R. N. Blackburn*, Attorney-General.

No brief for respondents.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a mandamus proceeding, commenced in April, 1897, to compel the then grand jury of Multnomah County to inquire into a criminal charge against one Anderson, who had previously been committed to await its action.

The grand jurors answered, setting up matters which they claimed constituted a defense to the alternative writ. A demurrer to the answer was overruled, and, the plaintiff declining to proceed or plead further, the writ was dismissed, and the plaintiff appeals.

About the time the transcript was filed, or soon thereafter, the grand jury was discharged, so that it is now impossible for the court to enforce a judgment against it, if one should be rendered. A grand jury is temporary in its character, and, when discharged, becomes *functus officio*, and thus differs from a permanent office. An appellate court, like every other judicial tribunal, is empowered to decide actual controversies only, and not to give opinions upon mooted questions, or mere abstract propositions of law. The rule is general, therefore, that when an event occurs pending an appeal which renders it impossible for the court to grant the relief sought, it will not proceed to final judgment, but will dismiss the appeal (*Jacksonville School Dist.* v. *Crowell*, 33 Or. 11, 52 Pac. 693; *Moores* v. *Moores*, 36 Or. 261, 59 Pac. 327; *California* v. *San Pablo & T. R. Co.* 149 U. S. 308, 13 Sup. Ct. 876; *Mills* v. *Green*, 159 U. S. 651, 16 Sup. Ct. 132; *People ex rel.* v. *Common Council of City of Troy*, 82 N. Y. 575); and, as said by the Supreme Court of the United States, in *California* v. *San Pablo & T. R. Co.* 149 U. S. 308, 13 Sup. Ct. 876, "no stipulation of parties or counsel, whether in the case before the court or in any other case can enlarge the power or affect the duty of the court in this regard." The appeal will therefore be dismissed.                                    DISMISSED.