Argued August 24, appeal dismissed September 13, 1976, petition for
review denied March 29, 1977

CARD, *Appellant,*

*v.*

FLEGEL et al, *Respondents.*

(No. 41068, CA 5120)

554 P2d 596

*Richard P. Benner,* Portland, argued the cause for
appellant. With him on the brief were Bruce H.
Anderson, and Coons, Cole & Anderson, Eugene.

*Dudley C. Walton,* Roseburg, argued the cause for
respondents Neil Kaser, Jr. and Joan Kaser. With him
on the brief were Geddes, Walton, Richmond, Nilsen &
Smith, Roseburg.

No appearance for respondents Al Flegel, Ray E.
Doerner, L. W. Michaels as Board of Douglas County
Commissioners and Douglas County.

Before Schwab, Chief Judge, and Fort, Judge, and
Sloan, Senior Judge.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal from a circuit court order upholding a Douglas County Board of County Commissioners' decision to grant respondents Kaser a 10-year variance. The variance permits continuation of a noncomplying use[1] on zoned property located within Douglas County. We dismiss as moot for reasons which follow.

On September 7, 1972, respondents Kaser applied for and received a county building permit to construct underground fuel-oil storage tanks and an adjoining building to house a boat and trailer service-and-sales business. These facilities were constructed and are presently used in conjunction with respondents' fuel-oil service and the above-mentioned boat and trailer business.

Shortly after these facilities were constructed respondents and the Planning Commission realized, apparently for the first time, that the use to which the facilities would be put was not permitted by the Douglas County zoning ordinance. The land in question was zoned C-2 (commercial district (neighborhood)). Respondents' business failed to comply with the C-2 zone classification in that the underground fuel-oil storage tanks and certain outdoor displays of boats and trailers were not permitted.

In order to eliminate this noncompliance, respondents applied to the Douglas County Planning Commission on February 16, 1973, for a zone change from C-2 to C-3 (commercial district). The parties agree that the respondents' use would be permitted in a county C-3

---

[1] Although the use in question is a nonconforming use in the sense that it does not conform to the requirements of the Douglas County zoning ordinance, the term "non-complying use" will be employed herein because a specialized meaning is often attached to the term "nonconforming use." *See* 1 R. Anderson, American Law of Zoning, § 6.01 (1968). A nonconforming use is usually defined as "a use which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although it does not comply with the [ordinance]." 1 R. Anderson, supra at § 6.01. Here, the use began after the effective date of the relevant ordinance.

zone. On June 4, 1973, the Commission granted a change from C-2 to C-3-X.[2] This decision was appealed to the Board of County Commissioners of Douglas County by petitioner, who resides near respondents' business.

On October 3, 1973, after hearings, the Board of Commissioners overruled the Planning Commission's decision to grant a zone change to C-3-X, but to avoid hardship the Board granted respondents' a 10-year variance to continue existing uses, subject only to architectural control by the county. Petitioner sought judicial review of the Board's decision in circuit court on December 3, 1973. A final order and decree upholding the Board's grant of a variance was entered by the circuit court on August 5, 1975, and this appeal followed.

Subsequent to notice of appeal, however, the City of Roseburg annexed respondents' property, which had been contiguous to the city boundary, and rezoned it C-3, as that designation is defined in the city's zoning ordinance. Due to this zone change, respondents moved this court, on May 12, 1976, to dismiss petitioner's appeal as moot. On July 13, 1976, we denied respondents' motion. However, upon reconsideration we conclude that dismissal is appropriate. This decision is based on our conclusion that respondents' use is permitted by the city C-3 zone classification, and therefore that a controversy no longer exists between the parties. Under this circumstance it is well established that dismissal is appropriate:

> " '* * * An appellate court, like every other judicial tribunal, is empowered to decide actual controversies only, and not to give opinions upon mooted questions * * *. The rule is general, therefore, that when an event occurs pending an appeal which renders it impossible for the court to grant the relief sought, it will * * * dismiss

---

[2]The addition of an "X" denotes "nominal architectural control" by the county in the interests of "scenic preservation or the stabilization of land values." Zoning & Land Use Ord., Douglas County, Sec. XX at 50 (rev 1974).

the appeal * * *." *Greyhound Park v. Ore. Racing Com.,* 215 Or 76, 79, 332 P2d 634 (1958) (quoting *State ex rel. v. Grand Jury,* 37 Or 542, 62 P 208 (1900)).

■ We do not agree with petitioner's contention that respondents' use is not permitted in the city's C-3 zone. The city ordinance expressly permits "[a]utomobile, boat, trailer, or truck rental, sales, or service," and "their accessory uses" in city C-3 zones. Underground fuel tanks are a normally expected "accessory" to those uses.

Appeal dismissed.