Argued and submitted April 17,
appeal dismissed December 10, 1979

MULTNOMAH COUNTY,
*Petitioner,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION, et al,
*Respondents.*

(No. 78-002, CA No. 11759)

603 P2d 1238

Charles J. Merten of Merten & Saltveit, Portland, argued the cause and filed a brief for petitioner.

Stephen T. Janik, Portland, argued the cause for respondent Forest Park Estate. With him on the brief were Jennifer J. Johnson and Davies, Biggs, Strayer, Stoel and Boley, Portland.

Andrew Jordan, Portland, argued the cause and filed a brief for respondent CRAG.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Frank W. Ostrander, Jr.,

Assistant Attorney General, filed a brief for respondent Land Conservation and Development Commission.

Joseph S. Voboril of Tonkon, Torp & Galen, Portland, filed a brief for respondent The Oregon Bank.

Thomas R. Williams, Senior Deputy City Attorney, Portland, filed a brief for respondent City of Portland. With him on the brief were Andrew Jordan, Joseph Voboril, and Stephen T. Janik, Portland.

Before Thornton, Presiding Judge, and Gillette and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

Petitioner, Multnomah County, seeks review of a final order of the Land Conservation and Development Commission (LCDC). The order under review is LCDC order number 78-002. That order dealt with an order of the Columbia Region Association of Governments (CRAG) known as CRAG Order No. 17. CRAG Order No. 17 allocated, as part of the CRAG Regional Comprehensive Plan, 4.2 square miles of land in the West Portland area, known as the West Hills Study Area, to various land uses including "urban". Multnomah County, the petitioner before LCDC and here, objected to the urban designations made in the order. LCDC, while holding that the findings adopted by CRAG in support of Order No. 17 were insufficient to support it, nonetheless dismissed the petition with respect to a large portion of the land in question. The County appeals. In view of developments subsequent to the proceedings already described, we find this appeal to be moot and it is dismissed.

The land in question is located 4 to 6 miles northwest of downtown Portland and is divided by a ridge line into two distinct watersheds. The proposal in CRAG Order No. 17 was to designate that portion of the West Hills study area lying to the northeast of the ridge line in question as natural resource, due in the main to the fact that the area included Forest Park, the largest existing park inside a city in the United States. Most of the land around the park was equally undeveloped and therefore, in the view of CRAG, suited to serve as a buffer for the park. The land to the south and southwest of the ridge line, however, was designated "urban" due to its proximity to existing urbanized areas. It was to the designation of "urban" for this latter area that Multnomah County objected.

CRAG Order No. 17 was adopted on December 22, 1977. On February 21, 1978, Multnomah County petitioned for review of the CRAG order by LCDC. The three other parties to this proceeding—The Oregon

Bank, the City of Portland, and Forest Park Estate—moved to intervene, which motions were granted. The LCDC final order (78-002) was issued on July 12, 1978. The petition was dismissed as to all portions of the West Hills study area other than Pana Vista Park properties and one other sub-area. As to Pana Vista Park and the sub-area, the commission found that the findings adopted by CRAG in its order of December 22, 1977, were insufficient to support the order in that they failed to specifically address all of the seven factors listed in LCDC Goal 14 (urbanization) relating to the establishment of an urban growth boundary.

As noted, it is from this order (LCDC Order No. 78-002) that Multnomah County appeals. The record, however, as supplemented by the parties, shows that further action by CRAG occurred in this case with respect to the area in question, among others. On December 21, 1978, CRAG adopted its order No. 78-035. This order established a final (as opposed to a preliminary) urban growth boundary in Multnomah County. Included within the order was the precise area under discussion in Order No. 17. The designations for the lands in question were, in fact, the same. However, the later order (78-035) was based upon a different record and different findings. Accordingly, for the purposes of judicial review, the later order superceded the earlier one. The later order has been appealed to LCDC. (LCDC Case No.79-009). The case has not yet been resolved. When it is, further judicial review will be available with this court, should petitioners at that time be dissatisfied with LCDC's disposition of the case.

In view of the foregoing, and especially in light of the fact that it appears that no issue raised by petitioner Multnomah County in this case will be completely foreclosed by action we take here, the petition for judicial review in this case is dismissed as moot.