Argued and submitted January 28, petition for judicial dismissed
as moot March 30, reconsideration denied May 7,
petition for review denied July 14, 1981 (291 Or 309)

## CARMEL ESTATES, INC.,
### *Petitioner,*
*v.*
## LAND CONSERVATION AND DEVELOPMENT
## COMMISSION et al,
### *Respondents.*

### (No. 79-029, CA 17346)

625 P2d 1367

Wayne D. Landsverk, Portland, argued the cause for petitioner. With him on the brief were Roger L. Meyer, and Newcomb, Sabin, Meyer & Schwartz, Portland.

Richard P. Benner, Portland, argued the cause and filed the brief for respondent City of Sandy.

E. Andrew Jordan, Portland, argued the cause and filed the brief for respondent Metropolitan Service District.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Land Conservation and Development Commission, W. J. Kvarsten, Director.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks review of an order of the Land Conservation and Development Commission (LCDC) invalidating, for violation of certain statewide planning goals, a Clackamas County zone change for petitioner's land. We hold that this proceeding is moot.

Petitioner has been attempting to obtain the necessary zoning to build a shopping center on its land in Clackamas County since 1975. The land was then variously zoned. A 1976 zone change to Planned Commercial granted by the county was invalidated by the LCDC for failure of the county to make findings as to the application of the statewide planning goals.[1] In 1979, the county held another hearing which specifically addressed the application of the goals to the zone change. After the hearing, the county concluded that the zone change complied with the goals and amended its 1976 order with supplemental findings of fact concerning the goals. After some controversy concerning the method of proceeding, the parties stipulated that, in order to facilitate review by the LCDC, the county would enter an order readopting *nunc pro tunc* the 1976 zone change. The county did so in October, 1979. On review of that action, LCDC again found the zone change to be invalid, and petitioner sought review in this court.

In the meantime, the county was proceeding with attempts to obtain acknowledgement of its comprehensive plan. *See* ORS 197.250, 197.251. In doing so it held hearings, made findings of fact, adopted amendments to its comprehensive plan, and enacted zoning ordinances pursuant to those plan amendments. The comprehensive plan and zoning amendments, which were adopted by the county on June 19, 1980, also allow commercial use of petitioner's property. In support of the 1980 plan and zoning amendments, the county made findings of fact and concluded that

---

[1] The 1976 zone change granted by the county was upheld by this court in a writ of review proceeding, *Ruegg v. Clackamas County,* 32 Or App 77, 573 P2d 740 (1978). However, the same county action was also challenged before the LCDC, which vacated the zone change and remanded to the county with directions to make additional findings. On appeal from that order we held, in *Board of Comm. of Clackamas County v. LCDC,* 35 Or App 725, 582 P2d 59 (1978), that the LCDC did not have the authority to direct the county to take a particular action. We remanded to the agency, which then issued an amended order which merely invalidated the zone change.

certain lands, including petitioner's, are committed to non-farm/nonforest uses. Review of this latest zone amendment by the Land Use Board of Appeals was sought under the new statutory scheme for review of land use decisions. *See* Oregon Laws 1979, ch 772, §§ 1-6a. That matter is still pending.

■    Respondents City of Sandy and Metropolitan Service District contend before this court that the comprehensive plan and zoning amendments adopted in 1980—subsequent to the zone change at issue in this proceeding—have mooted this case. Petitioner, on the other hand, argues that the 1980 amendments enacted by the county were not intended to supplant the zone change that had previously been granted.

■    The difficulty with petitioner's argument is that the county, in enacting the 1980 plan, held hearings and made new findings which related to whether it was appropriate to zone the land, and certain adjoining land, commercial. In enacting a new ordinance which establishes the permissible uses of this land, on a new record, we believe the county evidenced an intent to supersede the prior ordinance, although both the 1980 ordinance and its predecessor allowed the same use of the parcel.

Our holding is supported by our own case law. In *Multnomah Co. v. LCDC,* 43 Or App 655, 603 P2d 1238 (1979), the petitioner sought review of an LCDC order concerning a preliminary urban growth boundary established by the Columbia Region Association of Governments (CRAG). We held that the case was moot because, during the pendency of the proceedings on the preliminary boundary, CRAG established a final urban growth boundary. We noted there:

> "The designations for the lands in question were, in fact, the same. However, the later order * * * was based upon a different record and different findings. Accordingly, for the purposes of judicial review, the later order superseded the earlier one." 43 Or App at 658.

As in the instant case, the later order in *Multnomah County* was appealed and that appeal was pending at the time this court was asked to determine the validity of the earlier order.

Courts in other jurisdictions have taken the same approach to zoning amendments enacted during the pendency of proceedings regarding earlier zoning actions. *See, e.g., Burgarella v. Planning and Zoning Commission,* 27 Conn Sup 400, 240 A2d 211 (1967); *Mayor and Council of Rockville v. Dustin,* 276 Md 232, 346 A2d 447 (1975); *Mazza v. Board of Adjustment,* 47 NJ 161, 219 A2d 615 (1966); *see also Card v. Flegel,* 26 Or App 783, 554 P2d 596 (1976); 8A E. McQuillin, The Law of Municipal Corporations § 25.298, 389 (3d ed 1976); 4 Anderson, American Law of Zoning 2d § 25.31, 280-282 (1977).

Any determination we might make on the merits of this petition for judicial review would be meaningless. The parties are still dependent upon the future determination by LUBA of the validity of the later (1980) plan and zone amendments enacted by the county. It is those amendments which currently establish the permissible use of petitioner's property.

The petition for judicial review is dismissed as moot.