Argued and submitted December 5, 1980, affirmed June 29, 1981

FUJIMOTO et al,
*Petitioners,*
*v.*
LAND USE BOARD OF APPEALS et al,
*Respondents.*

(No. 79-010, CA 17625)

630 P2d 364

Terry D. Morgan, Portland, argued the cause for appellants. With him on the brief was Morgan & Shonkwiler, P.C., Portland.

Appearance waived for respondent Land Use Board of Appeals.

No appearance for respondent Metropolitan Service District.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

This matter is on judicial review of an order by respondent Land Use Board of Appeals (LUBA) dismissing petitioners' petition for review of the Metropolitan Service District's (MSD) ordinance establishing an urban growth boundary (UGB) for its area. After MSD had adopted the UGB pursuant to ORS 268.390(3), petitioners gave notice of intention to appeal pursuant to Oregon Laws 1979, chapter 772, section 4(4). On January 16, 1980, MSD received an order of compliance acknowledgment for the UGB ordinance from the Land Conservation and Development Commission (LCDC) pursuant to ORS 268.385, 268.390(3) and 197.251. Petitioners filed their petition for review on February 15, 1980; it asserted only violations of several state-wide planning goals as errors. MSD then moved to dismiss this LUBA proceeding.

In allowing the motion to dismiss, LUBA said:

"A thorough review of both petitions for review[1] and the record of the contested Metropolitan Service District's adopted and subsequently acknowledged urban growth boundary reveals that the issues presented in the petitions for review are the same or similar to those presented at LCDC's acknowledgment proceeding. In light of the relationship between this Board and the LCDC regarding allegations of goal violations as well as the definition of land use decision as set forth in Oregon Laws 1979, ch 772, § 5 and 3 respectively, no decision of this Board can ultimately reverse LCDC's decision to acknowledge respondent's urban growth boundary. At best, the effort set forth by petitioners in their respective petitions for review are collateral attacks on LCDC's January 16, 1980 acknowledgment order.

"* * * * *

"LCDC's acknowledgment of the contested urban growth boundary subsequent to the filing of the two herein addressed petitions[2] for review mooted those petitions."

Under section 2a of the 1979 Act LUBA has jurisdiction to "conduct review proceedings" provided for under

---

[1] *1000 Friends of Oregon* had also filed a similar petition for review. Its dismissal has not been brought to this court.

[2] Actually the petitions for review were filed subsequent to LCDC's acknowledgment order.

that Act on a petition for review of a "land use decision," which is defined as:

"(a) A final decision or determination made by a city, county or special district governing body that concerns the adoption, amendment or application of:

"(A) The state-wide planning goal;

"(B) A comprehensive plan provision; or

"(C) A zoning, subdivision or other ordinance that implements a comprehensive plan; or

"(b) A final decision or determination of a state agency other than the Land Conservation and Development Commission, with respect to which the agency is required to apply the state-wide planning goals." Or Laws 1979, ch 772, § 3(1).

In a case "[w]here a petition for review contains only allegations that a land use decision violates the state-wide planning goals," (§ 5(1)), LUBA has power only to "prepare a recommendation to the commission concerning any allegations of violation of the state-wide planning goals contained in the petition and * * * submit a copy of its recommendation to the commission and to each party to the proceeding." § 6(1). LCDC then "shall review the recommendation of the Board and any exceptions filed thereto. The commission shall issue its determination on the recommendation of the Board and return the determination to the Board for inclusion in the Board's order under § 5 of this 1979 Act * * *." § 6(3).

While it is true that LCDC "may suspend its consideration of [a] request for compliance acknowledgment" "[i]f the commission receives a recommendation from the Board concerning a petition alleging that a[n] * * * ordinance * * * is in violation of the state-wide goals, * * *" (§ 6(5)), LCDC neither received such a recommendation[3] nor suspended its consideration. When the petition was filed, the acknowledgment had already been made. There was nothing left for LUBA to review in any effective way, for it is not part of the statutory scheme for LUBA to have power to second guess an acknowledgment.

---

[3] It could not have done so. The review which might have stimulated a recommendation by LUBA had not been initiated when the compliance acknowledgment order was issued.

In a different context we said in *Card v. Flegel,* 26 Or App 783, 786, 554 P2d 596 (1976), *rev den* (1977).

"' "* * * An appellate court, like every other judicial tribunal, is empowered to decide actual controversies only, and not to give opinions upon mooted questions * * *. The rule is general, therefore, that when an event occurs pending an appeal which renders it impossible for the court to grant the relief sought, it will * * * dismiss the appeal * * *.' *Greyhound Park v. Ore. Racing Com.,* 215 Or 76, 79, 332 P2d 634 (1958) (quoting *State ex rel v. Grand Jury,* 37 Or 542, 62 P 208 (1900))."

LUBA has no appellate function from LCDC, and it has no advisory function to LCDC except in the narrow context of section 6 of the 1979 Act. Whether this proceeding was rendered "moot" by the acknowledgment or whether LUBA was simply ousted of jurisdiction is, in this instance, an irrelevant matter of semantics. It simply had no function to perform. The proceeding was properly dismissed.

Affirmed.[4]

---

[4] After this matter was submitted, the Supreme Court granted consolidated review of several of this court's denials of motions to dismiss appeals from compliance acknowledgment orders of LCDC. Believing that the Supreme Court's opinion in those cases would have a direct bearing on the decision in this case, we withheld further action pending that decision. After the decision in *Oregon Business Planning Council v. LCDC,* 290 Or 741, 626 P2d 350 (1981), we asked the parties to comment on the effect of that decision on this case. We gratefully acknowledge the cooperation of counsel during the period of delay and for their cooperation in responding to the court's inquiry. We also acknowledge that the decision in *Oregon Business Planning Council* has no direct effect on the decision in this case.