MILLER,
*Petitioner,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(LUBA No. 80-100, CA A20752)

639 P2d 680

Darwin K. Anderson, Portland, argued the cause and filed the brief for appellant.

Ruth Spetter, Deputy City Attorney, Portland, argued the cause for respondent. With her on the brief was Christopher P. Thomas, City Attorney, Portland.

Before Gillette, Presiding Judge, and Roberts and Richardson, Judges.

ROBERTS, J.

## ROBERTS, J.

Petitioner seeks judicial review of an order of the Land Use Board of Appeals (LUBA) affirming the City of Portland's enactment of an ordinance adopting its comprehensive plan. Petitioner alleges procedural, constitutional and goal violations in the designation of her property for low density single family residential development. LUBA characterized the land use decision appealed from as "a land use designation for a particular piece of property owned by petitioner." We affirm.

Petitioner owns property which lies between Terwilliger and Barbur Boulevards in Portland, next to the Hillvilla Restaurant, on what the Portland planning staff termed "the single most unstable piece of soil in the city of Portland." Petitioner's property has apparently been zoned low density single family residential for some time and was so designated on the proposed comprehensive plan.

In April, 1980, the mayor of Portland sent a letter to various individuals and neighborhood groups, as part of the process of making amendments to the proposed comprehensive plan, asking for proposals for map amendments. Petitioner submitted two proposed amendments, one for her lot and one for an adjacent city-owned lot. She requested the city's lot be redesignated to show its true status as open space and that her property be designated "either immediate or future area of park deficiency or to low density apartments." She submitted, through her attorney, oral testimony at a public hearing on August 11, 1980. The city planning staff recommended against the proposals, and the city council rejected petitioner's request for a change in designation for her property. The proposed change for the adjacent city-owned lot was adopted. On August 21, 1980, the council adopted a resolution approving the comprehensive plan and directing the creation of ordinances, documents and maps for final adoption. Petitioner, on August 26, 1980, filed with LUBA her notice of intent to appeal this resolution. The ordinances formally adopting the plan were enacted October 16, 1980.

The city first moved to dismiss, on the ground that adoption of the resolution was not a final land use decision. The parties then agreed to a stipulation substituting the

adopting ordinances for the resolution and mooting the motion to dismiss. The matter was heard before LUBA on February 15, 1981, petitioner alleging violations of goals, ordinances and constitutional provisions and lack of substantial evidence to support the city's action. The proposed LUBA order was issued March 3, 1981; petitioner excepted. On March 24, 1981, LCDC, pursuant to Oregon Laws 1979, chapter 772, § 6, issued its determination that no goals had been violated in the city's action. The final LUBA order was then issued.

■ ■ Petitioner urges that LUBA erred in holding that she was not entitled to a "quasi-judicial" proceeding to consider her amendments to the proposed comprehensive plan. LUBA held, without citing any authority, that the adoption of a comprehensive plan for an entire city is a legislative act and that "quasi-judicial proceedings, including notice and written findings for each piece of property in the jurisdiction" were not required. The Supreme Court has so stated. *Fifth Avenue Corp. v. Washington Co.,* 282 Or 591, 605, 581 P2d 50 (1978); *Baker v. City of Milwaukie,* 271 Or 500, 533 P2d 772 (1975). This court has said that the enactment of an ordinance establishing an urban growth boundary, a preliminary step in adopting a comprehensive plan for LCDC acknowledgement, is essentially a legislative proceeding not requiring findings regarding the specific property of each landowner affected. *Haviland v. LCDC,* 45 Or App 761, 767, 609 P2d 423 (1980).[1]

■ Petitioner's second assignment of error is that LUBA erred in holding that the decision to deny her zoning designation change was supported by substantial evidence. LUBA found there was substantial evidence in the record to support the city's conclusion that the property is "hazardous to development," on the basis of a report entitled "Environmental Geology of the Marquam Hill Area," prepared for the Portland Planning Commission by Portland

---

[1] The bulk of petitioner's argument on this point goes, not to the city's findings, but to an allegation of bias on the part of the city parks commissioner, who voted as a member of the council against petitioner's proposed zoning designation. LUBA held against petitioner on this point on the basis of *Eastgate Theatre v. Board of County Commissioners,* 37 Or App 745, 588 P2d 640 (1978). LUBA was correct.

State University and the State Department of Geology and Mineral Industries and submitted to the council by petitioner. By petitioner's own admission, the geological reports in evidence show that the property at issue has (1) "severe limitations" in surface texture, surface stones, coarse fragments in the soil and on the surface, (2) equipment limitations, (3) general instability and (4) a moderate risk of landslide. Petitioner claims that extensive areas of the city with higher geological risks are zoned for more intensive development. LUBA found that maintaining the low density residential designation on petitioner's property was in keeping with the stated Portland comprehensive plan policy of designating hazardous areas for low density development. LUBA characterized petitioner's point that the property can be made safe for development as one more appropriately to be put forth in an application for a zone change.

LUBA correctly found substantial evidence to support the city's action. We need not face the more difficult question of whether an individual property owner is *entitled* to have a specific zoning designation in a comprehensive plan supported by substantial evidence.

Affirmed.[2]

---

[2] Petitioner's third assignment of error, alleging a violation of the Fourteenth Amendment to the United States Constitution and Art I, § 20, Oregon Constitution, is not argued. Her fourth assignment of error, alleging violations of state-wide goals, is also not argued.