Argued and submitted November 30, 1981, affirmed April 5, 1982

LIMA et al,
*Petitioners,*

*v.*

JACKSON COUNTY,
*Respondent.*

(LUBA No. 80-127, CA A21275)

643 P2d 355

Ronald K. Cue, Ashland, argued the cause for petitioners. With him on the brief was Cottle, Howser & Cue, Ashland.

Mark A. Wehrly, Assistant County Counsel, Medford, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Petitioners appeal an order of the Land Use Board of Appeals (LUBA) affirming the zoning designation of petitioners' property in the Jackson County comprehensive plan. Petitioners contend that LUBA erred by applying to their appeal the standard of review for legislative actions rather than the broader review standard for quasi-judicial actions; specifically, petitioners claim that a zoning decision which was incorporated in the comprehensive plan is reviewable for substantial evidence and for the other components required in quasi-judicial proceedings. The county's comprehensive plan and implementing ordinance[1] were adopted in August, 1980. In May, 1979, the county had changed the zone of petitioners' property from commercial to open space development.[2] The May, 1979, designation was retained in the comprehensive plan. Petitioners and the county appear to agree—or at least not disagree strongly— that the May, 1979, rezoning was a quasi-judicial decision and that the adoption of the comprehensive plan was a legislative action. Petitioners nevertheless contend that LUBA should have reviewed their appeal from the zoning designation in the plan as a quasi-judicial action, because the *actual* zoning decision was made in May, 1979, and the later adoption of the plan was simply reiterative. In addition to that "substance over form" argument, petitioners also contend that our decision in *Woodcock v. LCDC*, 51 Or App 577, 626 P2d 901, *rev den* 291 Or 151 (1981), requires the earlier action to be reviewed in conjunction with their appeal from the later one because both actions pertained to the same zoning decision.[3]

---

[1] In the interest of simplification, our discussion of the 1980 zoning action will refer only to the designation in the comprehensive plan, although the designation was also made in the implementing ordinance.

[2] Petitioners brought a writ of review proceeding to challenge the 1979 rezoning, and we are advised by the parties that that proceeding is pending. This opinion should not be understood as having any bearing on that proceeding.

[3] The county argues that this appeal is moot, citing *Carmel Estates v. LCDC*, 51 Or App 435, 625 P2d 1367, *rev den* 291 Or 309 (1981), and other cases. In *Carmel Estates*, we held that an appeal from the Land Conservation and Development Commission's invalidation of a zone change was mooted by subsequent zoning actions affecting the same property — *at least* while appeals from the subsequent actions were pending. The situation here is the precise opposite of *Carmel Estates*. This appeal is from a *final* action affecting the zoning of the property. We reject the mootness argument.

In our view, petitioners' assignment of error raises an additional issue which they do not address—whether Oregon Laws 1979, chapter 772 establishes a different and broader standard of review of legislative land use decisions than the standard applied by the courts before that Act's adoption.[4] We will discuss that issue after considering petitioners' arguments.

## PETITIONERS' ARGUMENTS

Petitioners' first contention is that LUBA's standard of review should have been determined by the quasi-judicial nature of the 1979 zone change decision rather than by the legislative nature of the 1980 comprehensive plan adoption.

■ In *Miller v. City of Portland,* 55 Or App 633, 639 P2d 680 (1982), the petitioner argued that she should have been afforded quasi-judicial procedures in connection with changes she sought in the zoning of her property under the city's proposed comprehensive plan. After the city rejected the changes and adopted the comprehensive plan, the petitioner appealed to LUBA and then to this court. We affirmed LUBA's ruling "that the adoption of a comprehensive plan for an entire city is a legislative act and that 'quasi-judicial proceedings * * *' were not required." 55 Or App at 636. Unlike this case, there was no contention in *Miller* that the petitioner was entitled to a quasi-judicial *standard of review* of the legislative decision affecting her property because there had been an earlier zoning action which was quasi-judicial in nature. The parties call our attention to, and we find, no prior decision by this state's appellate courts in which such a contention has been considered. We conclude that there is no persuasive basis in law or policy for accepting the contention.

Axiomatically, every comprehensive plan adoption affects the use of property. The fact that an earlier action affected the use of petitioners' property in the same way the comprehensive plan does is not a convincing reason to

---

[4] Oregon Laws 1979, chapter 772 has been substantially amended and superseded by Oregon Laws 1981, chapter 748. However, the 1979 Act was applicable to this proceeding and is applicable to other cases which are pending before this court.

review the comprehensive plan's designation of that property as a quasi-judicial action; indeed, a more *attractive* argument could be made for affording quasi-judicial procedures and review in the plan adoption process to persons who did *not* have an earlier quasi-judicial proceeding in which to advocate or resist a zoning decision. However, whether there is an antecedent zoning decision is beside the point. If an appeal is taken from the adoption of a plan provision, the thing being reviewed *is* a comprehensive plan. Unless Oregon Laws 1979, chapter 772 creates such a requirement (see discussion *infra*), existing law does not require *generally* that the comprehensive planning process culminate in the particularized record for each specific parcel which would be necessary for quasi-judicial review of the kind petitioners seek to have.[5]

Petitioners contend that the adoption of the comprehensive plan "effectively cut off the appeal process of the May 19, 1979, decision" and that persons whose property is affected by a quasi-judicial zoning action and a subsequent duplicative comprehensive plan designation can never obtain appropriate agency or judicial review of the quasi-judicial decision. Petitioners acknowledge that a writ of review pertaining to the 1979 zoning action is pending. Be that as it may, we do not understand petitioners' contention to be that the land use appeals statutes are constitutionally defective if they do not provide for quasi-judicial review under these circumstances. Petitioners also make no claim that the comprehensive plan adoption process was used here as a subterfuge to deny petitioners quasi-judicial procedures to which they were entitled. Petitioners' contention is simply that relevant Oregon statutes and case law, as applied to these facts, require that petitioners have a quasi-judicial standard of review in an appeal from an action which was concededly and properly legislative in nature. We reject that contention.

Petitioners' reliance on *Woodcock v. LCDC, supra,* is misplaced. In that case, we held that, under the former statutory appeal structure, LCDC could review both a plan

---

[5] Indeed, existing law appears to be antithetical to such a balkanized approach to the comprehensive planning process. *See, e.g.,* ORS 197.015(5).

amendment and a subsequent zone change when a timely appeal was taken from the latter. We stated in *Woodcock:*

"* * * Petitioner chose to proceed in two steps: first the plan change, then the zone change. But actual development could not proceed until the zone change, and that was timely challenged. While the zone change followed from the plan change (*see Baker v. City of Milwaukie,* 271 Or 500, 506, 533 P2d 772 (1975)), and while the efficacy of the challenge to the zone change depended upon being able to reach the plan change, we see no violation of the rest-and-repose policy in that reaching. Petitioner created the hiatus by moving in two steps. Under the ORS chapter 197 scheme of things, when an exception has been taken, the time for rest-and-repose can only come after the last prerequisite for development has been achieved." 51 Or App at 585.

This case is not analogous. Both the 1979 zone change and the later plan and ordinance designations here were *independently* sufficient to regulate the use of petitioners' property.[6] Moreover, petitioners do not explain and we do not discern how the *reviewability* argument they base on *Woodcock* would affect the *scope or standard of review* of either the 1979 or the 1980 action.

We conclude that petitioners' arguments in support of the proposition that a quasi-judicial review standard should have been applied must fail.

## EFFECT OF OREGON LAWS 1979, CHAPTER 772

We stated in *Miller v. City of Portland, supra:*

"LUBA correctly found substantial evidence to support the city's action. We need not face the more difficult question of whether an individual property owner is *entitled* to have a specific zoning designation in a comprehensive plan supported by substantial evidence." (Emphasis in original) 55 Or App at 637.

This case is an appropriate one in which to answer the question we did not reach in *Miller.*

---

[6] We do not suggest that, the stated distinction aside, the factors which were involved in *Woodcock* have any bearing on what is reviewable here. For example, *Woodcock* applies by its terms only when there is a Goal 2 exception to the statewide planning goals. There was no Goal 2 exception here, and it is questionable at best whether *Woodcock* can be extended beyond that context.

As noted earlier, the adoption of comprehensive plans and of city- or county-wide implementing ordinances are legislative acts, and there has traditionally been no general requirement in their adoption process for specific evidence or findings relating to the zoning of particular parcels of land. Consequently, legislative planning and zoning decisions, as they affect particular parcels, have not been subject to review for substantial evidence. *See, e.g., Culver v. Dagg,* 20 Or App 647, 532 P2d 1127, *rev den* (1975).

LUBA has jurisdiction under section 3(1)(a)(B) and 3(1)(a)(C) of Oregon Laws 1979, chapter 772 (the Act) to consider appeals from the adoption of comprehensive plan provisions and implementing ordinances. Section 5(4)(a) of the Act provides:

"(4)   The board shall reverse or remand the land use decision under review only if:

"(a)   The board finds that the city, county or special district governing body:

"(A)   Exceeded its jurisdiction;

"(B)   Failed to follow the procedure applicable to the matter before it in a manner that prejudiced the substantial rights of the petitioner;

"(C)   *Made a decision that was not supported by substantial evidence in the whole record;*

"(D)   Improperly construed the applicable law; or

"(E)   Made a decision that was unconstitutional * * *."
(Emphasis added.)

The question is whether section 5(4)(a)(C) creates a requirement of parcel-specific evidence or findings in the comprehensive planning process, and provides for substantial evidence review by LUBA of the designation of specific parcels by a comprehensive plan. We do not read section 5(4)(a)(C) as having those effects. The more logical interpretation, in our view, is that the section authorizes LUBA to reverse or remand a decision which is not supported by *substantial* evidence only if there is a requirement from sources outside the Act that there *be* evidence. Section 5(4) is one of the provisions which defines LUBA's scope of review, but the section does not purport to create substantive requirements for the things being reviewed. We are convinced that, had that been the legislature's

intent, it would not have chosen such an oblique way to convert the comprehensive plan adoption process into a protracted series of unrelated quasi-judicial zoning actions.

Affirmed.