On appellant's reconsideration filed July 9, former opinion filed June 9 (57 Or App 627, 646 P2d 74) adhered to; affirmed November 24, 1982, petition for review denied February 8, 1983 (294 Or 492)

STEWART et al,
*Petitioners,*
*v.*
CITY OF EUGENE,
*Respondent.*

(No. 80-050, CA A20533)

653 P2d 1017

Michael E. Farthing, and Husk, Gleaves, Swearingen, Larson & Potter, Eugene, for petition.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this land-use case, private petitioners L. L. Stewart, Booth, Giustina, Fischer, Chapman, F. H. Stewart and Richard seek Supreme Court review of this court's opinion in *Stewart v. City of Eugene,* 57 Or App 627, 646 P2d 74 (1982). We treat their petition as one for reconsideration. ORAP 10.10. They contend, *inter alia,* that our former opinion misstates a fact pertaining to the geographical proximity of the City of Eugene to the land whose rezoning was the subject of the case and that the misstated fact was crucial to our conclusion that the City of Eugene had standing to contest the new zoning designation. We grant the petition for reconsideration, but we adhere to our former opinion.

That opinion involved a petition filed by Lane County and certain others, including the private petitioners who are presently before us, seeking judicial review of a final order of the Land Use Board of Appeals (LUBA) that remanded to Lane County an ordinance amending the Willamette-Long Tom Subarea Comprehensive Plan. The ordinance had been challenged before LUBA by the City of Eugene. Lane County and the other petitioners maintained, *inter alia,* that the City of Eugene did not have standing to challenge the ordinance, *i.e.,* the City was not a party "whose interests are adversely affected or who is aggrieved," as required by Or Laws 1979, ch 772, §§ 4(1), (2) and (6)(a).

In response to the standing argument, we said,

"The city alleged, in its petition to LUBA, that it had appeared in the proceedings below in opposition to the proposed action and that:

" '[t]he action under review has significant impact on property within the City of Eugene, and long-term effects upon comprehensive planning for the urban area. The inter-relationship of city and county land use planning and the proximity of the city's boundaries to the subject property give the city standing * * *.'

"In *Ruegg v. Clackamas County,* 32 Or App 77, 573 P2d 740 (1978), this court upheld a municipality's standing in a writ of review proceeding in which the standard was an 'injury of substantial right.' ORS 34.040. We stated:

" 'In view of the inter-relationship between the county's and city's land use planning, the proximity of the city's boundaries to the subject property, and the trend in the law to extend standing in land use cases to persons other than those who own contiguous property * * * the city should have been permitted to appear as a party in this proceeding. 32 Or App at 80.'

"Similarly, we conclude here that the inevitable inter-relationship between the city's and county's land use planning *and the undisputed fact that the area involved here borders on the city limits of Eugene* combine to confer standing upon the city. *See also 1000 Friends of Oregon v. Multnomah County,* 39 Or App 917, 593 P2d 1171 (1979)." 57 Or App at 631-32. (Emphasis supplied.)

In their petition for reconsideration, petitioners state:

"The 'undisputed fact' of contiguity between Eugene's city limits and the subject area is erroneous. The Industrial Triangle is located over one mile away from the Eugene city limits, well beyond sight and sound of those city limits."

Petitioners are correct: our fact statement was in error. The question then becomes: When the true state of facts is established, should our holding on the question of standing be changed? We think the answer is no.

While the record in this case is not a model of clarity—probably because all parties *knew* where the area was and therefore felt no need to discuss that matter specifically—it appears that the area under dispute is located north of the City of Eugene, toward Junction City, and that it is adjacent to the northern border of the Eugene-Springfield Urban Growth Boundary. It is a mile or more north of Eugene's present city limits.

The record also discloses that Eugene's objection to the rezoning in this case is based on Eugene's contention that the rezoned land will come into direct competition for development with land already zoned as industrial (but presently undeveloped) within Eugene. Thus, Eugene's claim to standing is based on (1) relatively close geographic proximity, (2) a financial interest in tax revenues that may be lost if land near but outside the city is developed instead of land inside the city (3) a planning interest because of the

necessary inter-relationship of city and county land-use planning and (4) in a representational capacity, the interests of its citizen taxpayers and industrial landowners. Without suggesting that all four of these enumerated factors would be required to confer, we hold that the presence of all four in this case clearly establishes standing. *See Ruegg v. Clackamas County, supra; 1000 Friends of Oregon v. Multnomah County, supra.*

Reconsideration granted; former opinion adhered to; affirmed.