## FAMILIES FOR RESPONSIBLE GOVERNMENT, INC. et al,
*Petitioners,*

*v.*

## MARION COUNTY et al,
*Respondents.*

(82-054; CA A26638)

670 P2d 615

Edward J. Sullivan, Salem, argued the cause for petitioners. On the brief were Corinne C. Sherton, and O'Donnell, Sullivan & Ramis, Salem.

Robert C. Cannon, County Counsel, Salem, argued the cause and filed the brief for respondent Marion County.

David A. Rhoten, and Rhoten, Rhoten & Speerstra, Salem, filed the brief for respondent Trans Energy Systems, Inc.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners appeal from an order of the Land Use Board of Appeals (LUBA) affirming a land use decision by Marion County. At the time of LUBA's decision, appeals were pending before this court from orders of the Land Conservation and Development Commission (LCDC) that acknowledged the comprehensive plans and implementing ordinances of the county and of the city of Salem.[1] We subsequently reversed both acknowledgment orders and remanded them to LCDC. *1000 Friends of Oregon v. Marion County,* 64 Or App 218, 668 P2d 412 (1983); *Marion County v. Federation for Sound Planning,* 64 Or App 226, 668 P2d 406 (1983); *City of Salem v. Families for Responsible Govt,* 64 Or App 238, 668 P2d 395 (1983).

LUBA concluded that some of petitioners' allegations that the county decision violated statewide land use planning goals were "rendered moot" by the acknowledgment orders. LUBA then concluded that petitioners' other allegations, which were to the effect that the decision was contrary to the comprehensive plans and to the county's implementing legislation, were unmeritorious. Petitioners assign error to both conclusions.

■■ LUBA was correct, at the time it so concluded, that the goal violation allegations were outside the scope of its review. Land use decisions by a local government *with an acknowledged comprehensive plan* are reviewable for compliance with the plan and with local rules but are generally not reviewable for compliance with the statewide goals.[2] *Byrd v. Stringer,* 295 Or 311, 666 P2d 1332 (1983); *Fujimoto v. Land Use Board,* 52 Or App 875, 630 P2d 364, *rev den* 291 Or 662 (1981). Here, however, our reversal of the acknowledgment orders means that petitioners' goal violation allegations are *now* reviewable, and petitioners are entitled to the remand they seek. *But see* Or Laws 1979, ch 772, §§ 4(9)(a) and 6(5) as amended by Or Laws 1981, ch 748, §§ 35, 36a; *see also* Or Laws 1983, ch 827, § 33(1)(a).

---

[1] The plans of both jurisdictions are relevant to the merits of this appeal. We do not reach the merits.

[2] The county's decision in this case was made before the plans were acknowledged, but after they had been submitted for LCDC's review in the form which later received acknowledgment.

We do not reach petitioners' assignments directed at LUBA's rejection of their contentions that the county's decision was inconsistent with applicable plan and ordinance provisions. Any ruling LUBA might make on the goal allegations, as well as events in the acknowledgment proceedings, *may* have an impact on the disposition of the other issues.

Reversed and remanded for further proceedings not inconsistent with this opinion.