Argued and submitted June 8, affirmed October 31, 1984

TURNER et al,
*Petitioners,*

*v.*

WASHINGTON COUNTY et al,
*Respondents.*

(83-014; CA A29292)

689 P2d 1318

James Hunt Miller, Beavercreek, argued the cause and filed the brief for petitioners.

Dan R. Olsen, Assistant County Counsel, Hillsboro, argued the cause and filed the brief for respondent Washington County, Oregon.

Jack L. Orchard, Jr., argued the cause for respondent Standard Insurance Co., an Oregon corporation. With him on the brief was Ball, Janik & Novack, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioners appeal from an order of the Land Use Board of Appeals that remanded to Washington County certain portions of a decision granting a conditional use permit for a nonresidential planned unit development on a 218-acre site owned by respondent Standard Insurance Company. ORS 197.850. LUBA's order essentially upheld the county's action. Petitioners make six assignments of error. We conclude that five of their assignments are moot and that their sixth assignment lacks merit. Therefore, we affirm.

The site, located in Washington County, is within the Metropolitan Portland Urban Growth Boundary. It was originally designated as "Urban Intermediate" under the county's unacknowledged 1973 Comprehensive Framework Plan (CFP). It was planned for industrial use but was not open for immediate development. In 1981, the county adopted a local community plan for the area known as the 185th East/West Plan. It eliminated the "Urban Intermediate" designation as a planning tool. Instead, it formulated Growth Management Policies designed to tie urban growth to the provision of urban services. Under it, Standard's property became industrial land open for immediate development.

In 1982, Standard applied for a permit to construct a nonresidential planned unit development on 218 of the 600 acres it owns in the area. Hearings were held by the County Planning Commission, and the Commission ultimately approved Standard's development plan. Petitioners participated fully in those hearings, and they appealed to the county, which upheld the approval. Petitioners then appealed to LUBA, which affirmed the county in substance, but remanded for additional findings on some issues. LCDC approved those portions of LUBA's order that involved statewide land use planning goals.

Petitioners did not seek a stay of the development process pending their appeal to this court, and the county has already held hearings and made findings on the issues remanded to it by LUBA. The county has approved those findings, thus permitting Standard to move beyond the conceptual phase of its development. Simultaneously, Washington County was formulating and later adopted a new Comprehensive Framework Plan. Petitioners participated

fully in that process. LCDC acknowledged the new CFP in September, 1983. Under it, the 1981 185th East/West Plan was "translated" into the language of the new CFP, as LCDC had requested. It became known as the Sunset West Community Plan. That plan reaffirmed designation of the 218 acres at issue here as industrial land open for immediate development. After the county's action on LUBA's remand in this case, Standard submitted a subdivision application for 68 acres of its 218-acre tract. That application was approved in December, 1983.

Petitioners contend that the notice issued by the county concerning the conditional use permit for a planned unit development was defective in various respects that denied the county jurisdiction to proceed and caused prejudice to petitioners. They argue that the notice was defective because (1) it was posted 9 days before the hearing instead of the 10 days required by the zoning ordinance; (2) it listed the parcel size at 600 acres instead of 218 acres for which application was initially made; and (3) it failed to state that a "minor deviation" from the provisions of the 185th East/West Plan was being sought. Petitioners argue that those defects violated provisions of the Community Development Ordinance and ORS 192.640(1). The Community Development Ordinance requires that notice include a "description of the subject property, reasonably calculated to give notice as to its actual location" and the "nature of the proposed action." Under ORS 192.640(1), notice of a public meeting must be "reasonably calculated to give actual notice to interested persons" and must include a "list of the principal subjects anticipated to be considered at the meeting."

■ The county gave notice of the request for a conditional use for a planned unit development on the Standard property by placing a notice in a newspaper, by posting notice in three conspicuous places near the property and by mailing notice to all property owners of record in the area. The fact that notice was posted one day late did not divest the county of jurisdiction. LUBA examined the Community Development Ordinance and correctly characterized the posting require-

ment as procedural. It further found that petitioners suffered no prejudice as a result of the late posting.[1] Some procedural matters, such as paying a filing fee or filing a petition for rehearing are explicitly jurisdictional. That is not true of the posting requirement. We would be reluctant to hold that a minor procedural defect could void a lengthy and complex procedure where, as here, no prejudice is shown. *See McQuary v. Bel Air Convalescent Homes, Inc.,* 296 Or 653, 678 P2d 1222 (1984); *Nyman v. City of Eugene,* 286 Or 47, 593 P2d 515 (1979). We conclude that the notice issued apprised petitioners of the actual location of the property and the nature of the action under consideration and that that was sufficient on this record.

 Petitioners also argue that the notice was defective because it identifies the 600-acre parcel rather than the 218 acres for which application was made. However, the planned unit development process required consideration of the entire 600-acre tract even though the proposed development was only for part of it. The notice stated that a "conditional use permit for a planned unit development" was at issue. That the notice did not state with precision everything that petitioners believed was relevant is not controlling. The notice alerted petitioners that a land use decision was being considered

---

[1] LUBA's opinion states:

"This Board is only able to reverse a decision for failure to follow procedural requirements when the petitioners are able to show they have been prejudiced in some manner. 1979 Or Laws, ch 772, sec 5(4), as amended by 1981 Or Laws, ch 748, *Frey Development Co. v. Marion County,* 3 Or LUBA 45 (1981). The record clearly shows petitioners were afforded and did act upon the opportunity to participate at each level of this approval process. We do not understand how petitioners have been prejudiced by any of the notice defects, even if we assume all of them are true."

In a footnote, LUBA explained:

"We agree with the petitioners that the posted notice was not posted for the required length of time under county ordinance, but the county ordinance does not make its notice procedures 'jurisdictional.' That is, the Washington County ordinance includes a number of requirements that it characterizes by its terms as 'jurisdictional.' See Section 2201-4.4 making failure to comply with county fee requirements 'a jurisdictional defect,' and Section 2201-4.9 requiring the filing of a petition for rehearing. Whether or not indeed these 'jurisdictional requirements' would be treated on review as absolute requirements which, if not met, would end a proceeding or not is not important to our determination. What is evident from the county's ordinance structure is that it does not regard the strict adherence to its notice requirements with the same severity as it regards other procedural requirements."

concerning the subject property, and it included a telephone number to call for additional information. LUBA found that petitioners failed to demonstrate any prejudice from the alleged defect and we agree with that conclusion. The record shows that petitioners were represented by counsel and that they participated fully at every stage of the process. That was sufficient. We find no error. *See* ORS 197.850(9).

■ Petitioners make five other assignments. We conclude that all five are moot. Petitioners contend that LUBA erred in finding that two of the "conversion factors" to be considered under Goal 14 (Urbanization) in converting urbanizable land to urban land were met. The land has now been designated as urban under the county's new CFP, which has been acknowledged by LCDC, and under the Sunset West Community Plan. Petitioners did not appeal LCDC's acknowledgement order. Therefore, the assignment is moot. *See Carmel Estates, Inc. v. LCDC,* 51 Or App 435, 625 P2d 1367, *rev den* 291 Or 309 (1981); *Multnomah County v. LCDC,* 43 Or App 655, 603 P2d 1238 (1979); *see also Warren v. Lane County,* 297 Or 290, 295, 686 P2d 316 (1984).

■ Petitioners contend that LUBA erred in finding that Goal 12 (Transportation) and certain provisions of the 1973 CFP and its implementing Growth Management Policies were satisfied because petitioners could address transportation issues later when more specific information was available concerning the proposed development. However, the 1973 CFP has been superseded. The new CFP complies with Goal 12. Further, the county's new acknowledged Growth Management Policies specifically permit its reviewing authority to "defer final application of the public facilities standards, within the impact or analysis area, until a subsequent stage of the development process" if there is uncertainty concerning the ultimate use and demand on public facilities in the area. Therefore, we see no reason to address petitioners' contentions that were made under the 1973 plan. Petitioners participated fully in hearings on the issues they raise here. Absent a stay, review of the county's actions should have been sought after those proceedings.[2] *See Multnomah County v. LCDC, supra.* Petitioners chose not to appeal those findings and the

---

[2] The instant case was filed before the enactment of Oregon Laws 1983, ch 827, § 35a(1).

development process has now moved far beyond the conceptual plan LUBA reviewed. For us to review those issues under standards now repealed would not be appropriate. Therefore, the assignment is moot. *See Carmel Estates, Inc. v. LCDC, supra,* 51 Or App at 439.

■ Petitioners contend that LUBA erred in finding that the county's order complied with Goal 5 (Open spaces, scenic and historic areas, and natural resources) and that the county's Goal 5 findings and conclusions were supported by substantial evidence in the whole record. The county examined Goal 5 in both the new acknowledged CFP and the recently adopted Sunset West Community Plan and determined that no Goal 5 resource existed on Standard's property. A similar finding was made in the approved subdivision for the first phase of the proposed development. Petitioners did not contend in those proceedings that any Goal 5 resource existed. Therefore, their assignment is moot.

■ Petitioners' next assignment addresses a "minor adjustment" to the 1973 CFP and zoning map concerning the eastern boundary of the Standard property. Under the CFP, minor adjustments to boundaries may be accomplished without amending the CFP. *See* County Ordinance 242, § 3(D)(2). The effect of the boundary change, involving about four acres of land, was to prevent industrial development within the Rock Creek flood plain. Petitioners contend that the term "minor adjustment" requires interpretation by the county through rule adoption or ordinance and that it cannot be determined on an *ad hoc* basis. LUBA held that sufficient standards existed for interpretation, but it remanded to the county for additional findings. The county then made extensive findings clarifying the standards to be followed in any boundary adjustment. Again, petitioners participated fully in that process. They did not appeal the county's action. The boundary change became part of the Sunset West Community Plan map. Those developments moot the issue petitioners raise. *See Card v. Flegel,* 26 Or App 783, 554 P2d 596 (1976), *rev den* 277 Or 491 (1977).

■ Petitioners' last assignment addresses a conflict between the 1973 CFP and the 185th East/West Plan. They contend that the CFP controls. LUBA ruled that the CFP designation of Standard's property as "Urban Intermediate"

was superseded by the 185th East/West Plan, which eliminated that designation as a planning tool and that there was no violation of the CFP's provisions requiring availability of full urban services and prohibiting compromise of the Plan's integrity in favor of industrial development. A new acknowledged CFP is in place, and the Sunset West Community Plan conforms to it. *See Baker v. City of Milwaukie,* 271 Or 500, 533 P2d 772 (1975). This issue is also moot.

Affirmed.