Argued and submitted March 14, reversed on petition,
affirmed on cross-petition May 9, 1984

## WHITESIDES HARDWARE, INC.,
*Respondent - Cross-Petitioner,*

*v.*

## CITY OF CORVALLIS,
*Cross-Respondent,*

*and*

## HERITAGE ENTERPRISES et al,
*Petitioner - Cross-Respondent.*

(83-040; CA A29769)

680 P2d 1004

Allen L. Johnson, Eugene, argued the cause and filed the briefs for petitioner - cross-respondent.

Mary C. Randolph, Eugene, filed the reply brief on cross-appeal for petitioner - cross-respondent.

Robert S. Ball, Portland, argued the cause for respondent - cross-petitioner. On the brief were Susan M. Quick and Ball, Janik & Novack, Portland.

Richard D. Rodeman, City Attorney, Corvallis, argued the cause and filed the brief for cross-respondent.

Before Gillette, Presiding Judge, Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

■ Heritage Enterprises (Heritage) petitions for judicial review of a Land Use Board of Appeals opinion remanding two Corvallis ordinances to the city for reconsideration. Whitesides Hardware, Inc. (Whitesides) cross-petitions, alleging infirmities which LUBA did not find in the ordinances.[1]

■ Whitesides was the petitioner before LUBA. The ordinances amend Corvallis' comprehensive plan to approve a regional shopping center designation and to locate it on the city's outskirts rather than downtown. After the appeal to LUBA, but before LUBA acted, the Land Conservation and Development Commission, by a continuance order of June 2, 1983, determined that the Corvallis plan, including the challenged amendments, complies with all statewide land use goals. That order was tantamount to an acknowledgement of the plan. It was appealable to this court but was not appealed. ORS 197.251(8); OAR 660-03-005(7). LCDC deferred formal acknowledgement of the Corvallis comprehensive plan pending modifications of Benton County's plan for areas within Corvallis' urban growth boundary but outside its city limits. In fact, although Whitesides attempts to frame the issues otherwise, every substantial challenge to the ordinances is foreclosed by LCDC's determination of goal compliance. *See Fujimoto v. Land Use Board of Appeals,* 52 Or App 875, 630 P2d 364, *rev den* 291 Or 662 (1981). LUBA should have denied all the assignments of error.

---

[1] Heritage moves to dismiss Whitesides' cross-petition on the ground that it was filed on October 6, 1983, but followed the procedures in effect before October 1, 1983, and that the statutory changes invalidate post-October 1, 1983, petitions for review of pre-October 1, 1983, LUBA decisions. We deny the motions. Heritage initiated the case by its petition for review filed September 29, 1983. Or Laws 1983, ch 827, §(2) provides:

"Any petition for judicial review of an order of the Land Use Board of Appeals filed with the Court of Appeals before October 1, 1983, that is still pending on that date, shall be finally determined by the Court of Appeals or Supreme Court under section 6a, chapter 772, Or Laws 1979, as amended by section 37, chapter 748, Or Laws 1981."

We construe this statute to include cross-petitions, which are necessarily part of the same case as the original petition for review. Thus, all the proceedings in this case, whether on the petition for review or on the cross-petition for review, are governed by the law applicable before October 1, 1983. The alternative would be the kind of confusion which the legislature clearly intended to avoid.

Reversed on the petition; affirmed on the cross-petition.