PANNER et al,
*Respondents,*

*v.*

DESCHUTES COUNTY,
*Respondent (below),*
ROSE & ASSOCIATES,
*Petitioner.*

(85-004; CA A36841)

708 P2d 612

Robert S. Lovlien, Bend, argued the cause for petitioner. On the brief were Neil R. Bryant, and Gray, Fancher, Holmes & Hurley, Bend.

Ed Sullivan, Portland, argued the cause for respondents. On the brief were Corinne C. Sherton, Steven L. Pfeiffer, and Sullivan, Josselson, Roberts, Johnson & Kloos, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's remand of Deschutes County's decision to rezone petitioner's 20-acre aggregate resource site from surface mining reserve to an active surface mining designation. LUBA concluded that the rezoning decision did not comply with Goals 3 or 5 and that the county did not make sufficient findings under applicable provisions of its comprehensive plan and zoning ordinance. Petitioner argues in its first two assignments of error that LUBA should not have reviewed the rezoning decision for compliance with Goals 3 and 5, but should have confined the inquiry to whether the decision satisfied the county's plan and land use regulations.

LCDC acknowledged the county's plan in May, 1981. The acknowledgment order was appealed to the circuit court, which affirmed the order. In *Coats v. LCDC,* 67 Or App 504, 679 P2d 898 (1984), we reversed the circuit court's decision and instructed that court to remand the order to LCDC. The sole basis for our decision was that LCDC had erred in concluding that the county's plan complied with Goal 5. There is no contention that the county's rezoning action here violates Goal 5 for the same reasons we concluded in *Coats* that the county's plan violated the goal.

After our remand in *Coats,* LCDC issued a continuance order which states, as material:

"3. On February 1, 1985, the Commission reconsidered the compliance of the plan and implementing measures with the Statewide Planning Goals. Based on its review, the Commission finds that Deschutes County's comprehensive plan and land use regulations comply with Statewide Planning Goals for the reasons set forth in the Commission's previous Acknowledgment and Continuance Orders (Exhibits A and B) readopted by the Commission on February 1, 1985 and incorporated herein except as determined in the Court of Appeals' decision in *Coats v. LCDC,* 67 Or App 504, March 28, 1984.

"4. Deschutes County's comprehensive plan and land use regulations do not yet comply with Statewide Planning Goal 5 as applied to existing and potential surface mining sites for the reasons set forth in the Court of Appeals' decision reviewed by the Commission on February 1, 1985, and incorporated herein (Exhibit C).

"* * * * *

"THEREFORE, IT IS HEREBY ORDERED THAT:

"In accordance with ORS 197.251 and the Commission's Acknowledgment Procedure Rule, OAR 660-03-000 to 660-03-033, the acknowledgment request of Deschutes County is continued to March 7, 1985 in order to allow the County to complete the additional planning work set forth in this Order."

Petitioner argues that the combined effect of our decision in *Coats* and of LCDC's continuance order on remand was to leave the county's plan acknowledged in all particulars except the one on which our reversal in *Coats* was based. Because the rezoning decision in this case does not involve the issue considered in *Coats,* petitioner maintains that LUBA should have treated the county as a jurisdiction with a comprehensive plan that has been acknowledged in relevant part and that the rezoning decision should therefore be reviewed only for compliance with the plan and local implementing legislation rather than for compliance with the statewide goals. *See Byrd v. Stringer,* 295 Or 311, 666 P2d 1332 (1983).

At the time that LCDC issued its continuance order, ORS 197.251 provided in material part:

"(1)   Upon the request of a local government, the commission shall by order grant, deny or continue acknowledgment of compliance with the goals. * * *

"* * * * *

"(6)   A commission order granting acknowledgment shall be limited to an identifiable geographic area described in the order if:

"(a)   Only the identified geographic area is the subject of the acknowledgment request; or

"(b)   Specific geographic areas do not comply with the goals, and the goal requirements are not technical or minor in nature.

"(7)   The commission may issue a limited acknowledgment order only in the circumstances identified in subsection (6) of this section * * *.

"(8)   Notwithstanding the provisions of subsection (7) of this section and of subsection (1) of section 12, chapter 827, Oregon Laws 1983, the commission may issue or continue a

limited acknowledgment order for a coastal area or for the area within an urban growth boundary and outside the city limits after July 1, 1984.

"(9)   A limited acknowledgment order shall be considered an acknowledgment for all purposes and shall be a final order for purposes of judicial review with respect to the acknowledged geographic area. A limited order may be adopted in conjunction with a continuance or denial order.

"* * * * *

"(12)   As used in this section:

"(a)   'Continuance' means a commission order that:

"(A)   Certifies that all or part of a comprehensive plan, land use regulations or both a comprehensive plan and land use regulations do not comply with one or more goals;

"(B)   Specifies amendments or other action that must be completed within a specified time period for acknowledgment to occur; and

"(C)   Is a final order for purposes of judicial review of the comprehensive plan, land use regulations or both the comprehensive plan and land use regulations as to the part of the plan, regulations or both the plan and regulations that are in compliance with the goals.

"* * * * *"

ORS 197.251(12)(a)(C) was adopted as Oregon Laws 1983, chapter 827, section 5 as an amendment to former ORS 197.251(8)(a)(C), which had provided that continuance orders were final for purposes of judicial review "as to the goals with which the plan, regulations or both the plan and regulations are in compliance." After the continuance order relevant to this case was issued, the legislature again amended ORS 197.251 to add a new subsection (9):

"Notwithstanding the provisions of subsection (7) of this section, the commission may issue a limited acknowledgment order when a previously issued acknowledgment order is reversed or remanded by the Court of Appeals or the Oregon Supreme Court. Such a limited acknowledgment order may deny or continue acknowledgment of the part of the comprehensive plan or land use regulations that the court found not in compliance with the goals and grant acknowledgment of all

other parts of the comprehensive plan and land use regulations." Or Laws 1985, ch 811, § 13.[1]

LUBA rejected petitioner's argument, and explained:

"* * * LCDC has yet to acknowledge the county's plan and implementation measures. As noted earlier, the acknowledgment issued by the commission was remanded by the Court of Appeals in *Coats v. LCDC, supra.* The continuance order entered in response to the remand indicates Goal 3 compliance has been achieved, but the order does not constitute final, *i.e.,* judicially reviewable, acknowledgement.[6]

---

[6]

"* * * * *

"We do not construe the continuance order of March, 1985 to come within [ORS 197.251(12)(a)(C)]. The order does not state that any part of the Deschutes County plan or land use regulations complies with the goals. Instead, it states the plan and regulations as a whole comply with most, but not all of the goals. *Compare* former ORS 197.251(8)(a)(C) (1981 Replacement part), amended by 1983 Oregon Laws, Chapter 827, Section 5 (authorizing LCDC to grant judicially reviewable continuance order 'as to the goals with which . . . the plan and regulations are in compliance.') Nor do we construe the March, 1985 order as an acknowledgment of an 'identifiable geographic area' pursuant to ORS 197.251(6) and (7) (authorizing limited acknowledgment).

"Thus, although LCDC's continuance order may make it unlikely the agency will have further Goal 3 objections to the county's plan upon resubmittal, it does not have the legal effect [petitioner] ascribes to it, i.e., shielding this rezoning decision from a goal-violation charge."

Although we agree with LUBA's decision we think

---

[1] ORS 197.251 was also amended by Oregon Laws 1985, chapter 565, section 25, which repealed the existing subsections (7) and (8), and which did not add a new subsection corresponding to the one enacted through Oregon Laws 1985, chapter 811, section 13. The likely purpose of the amendment adopted through chapter 565 was to eliminate subsections (7) and (8) because of their references to the July 1, 1984, deadline date. *See* Or Laws 1985, ch 565, § 1. Both chapter 565 and chapter 811 were filed in the office of the Secretary of State on July 15, 1985. It is unnecessary that we attempt to reconcile them here.

Except where we indicate otherwise, the sections and subsections referred to in this opinion are those that were in effect at the time that LCDC issued its continuance order after the remand in *Coats.*

there is a better way of reaching it.[2] Before there can be any question about whether the continuance order *purported* to acknowledge any part of the plan or about whether the order was final and appealable, there is a threshold question of whether LCDC had the authority to issue a limited or partial acknowledgment under the circumstances at the time it issued the continuance order. The answer is no. ORS 197.251(6), (7), (8) and (9) defined the exclusive conditions under which a limited acknowledgment could be granted. None of those conditions obtains here.

In *Whitesides Hardware v. City of Corvallis,* 68 Or App 204, 206, 680 P2d 1004 (1984), we stated that a continuance order which held that the Corvallis plan was in compliance with all of the goals but deferred acknowledgment until Benton County took certain planning actions "was tantamount to an acknowledgment" of the Corvallis plan. Respondents correctly argue that *Whitesides* is distinguishable from this case. The continuance order in *Whitesides* was issued before the effective date of the 1983 legislation by which ORS 197.251(6), (7), (8) and (9) were enacted. Or Laws 1983, ch 827, § 5. Moreover, in *Whitesides,* our treating the Corvallis plan as acknowledged when LCDC's order in fact said that it complied with all of the goals honored substance over form; here, the substance as well as the form is that the county has *not* achieved compliance with the goals.

LUBA correctly held that the rezoning decision was subject to review for goal compliance, and we therefore reject petitioner's first and second assignments.[3] We also reject as

---

[2] In view of the basis for our holding on the issue of the applicability of the goals, we do not consider whether the different reasoning which led LUBA to the same result is correct.

[3] We recognize that there are persuasive policy bases, *e.g.,* finality of administrative actions, that support petitioner's argument. There are also countervailing policy considerations. There is little question, under the law in effect when the continuance order was issued or the law in effect now, that LCDC *could refuse* to give conclusive effect on remand to portions of an acknowledgment order that were not expressly rejected by the remanding appellate court. A remand based on a plan's noncompliance with one goal can have direct or indirect effects on the compatibility of the plan with other goals. LCDC's responsibility under ORS 197.250 and 197.251 is to require planning jurisdictions to comply with *all* of the goals. Be all of that as it may, the policy choice is legislative. One of the 1985 amendments to ORS 197.251 apparently adopts the policy that underlies petitioner's argument. However, that amendment cannot assist petitioner, at least given the present posture of the acknowledgment proceeding and of this proceeding.

without merit its assignments challenging LUBA's rulings that the county's findings were insufficient.

Affirmed.