Argued and submitted February 21, reversed and remanded March 27, 1996

Darryl C. RAY,
Katherine Ray, Carol Beck, Delmar Beck,
David Compton, Meredith Compton, C. Eldon Fisher,
Eugene H. Fisher, Richard Holcomb and Carol Whipple,
*Petitioners,*

*v.*

DOUGLAS COUNTY,
Norman Yard and Vivian Yard,
*Respondents.*

(LUBA No. 95-237; CA A91383)

914 P2d 26

Charles Swindells argued the cause for petitioners. With him on the brief was Christine M. Cook.

Stephen Mountainspring argued the cause for respondents Norman Yard and Vivian L. Yard. With him on the brief was Dole, Coalwell & Clark, P.C.

Paul E. Meyer, Asst. County Counsel, waived appearance for respondent Douglas County.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners appealed to LUBA from Douglas County's approval of respondents Yards' (respondents) application for a conditional use permit to operate a campground in an exclusive farm use zone. LUBA dismissed the appeal. We quote its statement of the facts and explanation for its disposition:

"The challenged [local] decision became final on November 1, 1995. At 4:25 p.m. on November 22, 1995, the last day of the appeal period, petitioners delivered to LUBA a notice of intent to appeal, accompanied by a check in the amount of $200 payable to the 'Oregon Department of Land Conservation and Development.' Petitioner[s'] error in designating the payee on the check was not detected before the expiration of the appeal period. The check cannot be deposited in LUBA's account.

"Our rules state that '[a] Notice [of intent to appeal] unaccompanied by payment of the required fee and deposit shall not be accepted for filing.' OAR 661-10-015(1)(b). The rules explain:

" 'Filing Fee and Deposit for Costs: The Notice shall be accompanied by a filing fee of $50 and a deposit for costs in the amount of $150 *payable to the Land Use Board of Appeals.* One check, State of Oregon purchase order or money order for $200 may be submitted. Cash shall not be accepted.' OAR 661-10-[0]15(4). (Emphasis added.)

"A check made out to the wrong agency does not constitute payment of the required fee and deposit. Because the notice of intent to appeal and appropriate filing fee and deposit were not timely received, LUBA has no jurisdiction over the appeal." (Footnote omitted.)

We add only one additional fact to LUBA's recitation: Petitioners' notice was initially treated by LUBA as having been duly filed, and regular review proceedings pursuant to the notice had been instituted before the order of dismissal was entered on December 12, 1995. *See* note 1.

Petitioners seek review, contending that LUBA erred by dismissing the appeal. The pertinent statute, ORS 197.830(8), provides, in material part:

"A notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final. * * * The notice shall be served and filed in the form and manner prescribed by rule of the board and shall be accompanied by a filing fee of $50 and a deposit for costs to be established by the board."

Pursuant to ORS 197.830(8), LUBA has adopted rules prescribing the form and manner for filing the notice. The rules pertinent here, OAR 661-10-015(1) and (4), provide:

"(1)   Filing of Notice:

"(a)   The Notice, together with two copies and the filing fee and deposit for costs required by section (4) of this rule, shall be filed with the Board on or before the 21st day after the date the decision sought to be reviewed becomes final or within the time provided by ORS 197.830(3) through (5). A notice of intent to appeal plan and land use regulation amendments processed pursuant to ORS 197.610 to 197.625 shall be filed with the Board on or before the 21st day after the date the decision sought to be reviewed is mailed to parties entitled to notice under ORS 197.615. *A Notice filed thereafter shall not be deemed timely filed, and the appeal shall be dismissed*;

"(b)   Filing of a notice of intent to appeal with the Board shall be accomplished when the Notice, accompanied by payment of the filing fee and deposit required by section (4) of this rule, is delivered to or received by the Board on or before the date due. *A Notice unaccompanied by payment of the required fee and deposit shall not be accepted for filing*.

"* * * * *

"(4)   Filing Fee and Deposit for Costs: The Notice shall be accompanied by a filing fee of $50 and a deposit for costs in the amount of $150 payable to the Land Use Board of Appeals. One check, State of Oregon purchase order or money order for $200 may be submitted. Cash shall not be accepted." (Emphasis supplied.)

Petitioners contend, and we agree, that neither the statute nor the rules treat the timely tender of a negotiable payment, as distinct from the timely filing of the notice itself, as a jurisdictional requirement. ORS 197.830(8) provides

that the filing of the notice is a jurisdictional event but does not suggest that the filing of the fee and deposit also is jurisdictional.

Further, assuming that LUBA, through its rules, *could* interpret the statute as making the tender of the fee and deposit jurisdictional, we do not understand LUBA's rules to do so. OAR 661-10-015(1)(a) clearly specifies that failure to file the notice on time is of jurisdictional magnitude, while subsection (1)(b) explains that the consequence of a failure to tender the required accompanying payment is that the *notice* "shall not be accepted for filing." However, the rule does not provide—any more than the statute does—that failure to adequately tender the required payment is of independent jurisdictional consequence when, as here, a notice unaccompanied by the payment *is* accepted for filing.[1]

That does not end our inquiry. Although LUBA's opinion speaks in terms of "jurisdiction," it is a truism that courts and agencies may have discretionary or even compulsory nonjurisdictional bases for dismissing proceedings. Here, however, LUBA's rule does not provide that the failure to tender a satisfactory payment is a ground for dismissal; it states that the failure will result in a refusal to file the notice. However, once the notice has been accepted, nothing in the rule indicates that the appeal may be dismissed without an opportunity for cure after the period for a timely filing has run.

■    It is true, as respondents argue, that the appellate courts accord considerable deference and latitude to LUBA and other agencies in interpreting their own rules and in developing their procedural policies. *Gordon v. City of Beaverton,* 292 Or 228, 637 P2d 125 (1981); *1000 Friends of Oregon v. LCDC,* 139 Or App 485, 912 P2d 919 (1996). However, as discussed above, LUBA's decision here is not consistent with the language of its own rule, OAR 661-10-015.

---

[1] Respondents do not agree that the mere exchange of papers at the intake desk constitutes "acceptance" within the meaning of the rule. We need not decide that question, because the proceedings had advanced well beyond the intake point before LUBA issued its order of dismissal approximately three weeks after petitioners' papers were delivered to it.

Further, LUBA's conclusion also appears to be inconsistent with another of its rules, OAR 661-10-005, which provides in part:

> "These rules are intended to promote the speediest practicable review of land use decisions * * * in accordance with ORS 197.805-197.855, while affording all interested persons reasonable notice and opportunity to intervene, reasonable time to prepare and submit their cases, and a full and fair hearing. The rules shall be interpreted to carry out these objectives and to promote justice. *Technical violations not affecting the substantial rights of parties shall not interfere with the review of a land use decision * * *.* Failure to comply with the time limit for filing a notice of intent to appeal under OAR 661-10-015(1)[or] a Petition for Review is not a technical violation." (Emphasis supplied.)

Finally, LUBA's decision also seems at odds with its preexisting practices and procedural policies, and LUBA offered no explanation for its apparent departure. In *Osborne v. Lane Cty*, 4 Or LUBA 368 (1981), the petitioners sought to appeal more than one local decision through a single notice of intent to appeal; they tendered only one filing fee and deposit, although a separate fee and deposit were required for each of the appealed decisions. Although LUBA noted that "[t]here is nothing in the statute that suggests that a petitioner may file one notice of intent to appeal listing several decisions, submit one filing fee and thereby be able to appeal several separate decisions," *id.* at 370, it denied the respondent's motion to dismiss. It explained:

> "With respect to the matter of the filing fees, we note that before 1963, judicial opinion in this state was that where a notice of appeal had to be accompanied by a filing fee, failure to pay the fee resulted in the court having no jurisdiction. The Supreme Court in *[Citron] v. Hazeltine*, 227 Or 330, [3]61 P2d 1011 (1961), stated that the payment of the fee was 'the act required to be done, but which the appellant failed to do within the prescribed time' and dismissed the case. 227 Or at 333. However, in *U.S. National Bank v. Lloyd's*, 239 Or 298, 382 P2d 851, 396 P2d 765 (196[4]), the court overruled the *[Citron]* case. The court said that when a filing fee is required and the county clerk accepts the document for filing, a filing has occurred. The case may not then be dismissed for failure to pay the fee along with the filing of the document. We read this case to

suggest to us that the Board would be viewed as being 'overly technical' were it to dismiss this case without giving the opportunity to petitioners to file the additional required filing fee." *Id.* at 371.

To the same effect, *see Whitesides v. Corvallis*, 8 Or LUBA 419 (1983), *rev'd on other grounds* 68 Or App 204, 680 P2d 1004 (1984); *Seneca Sawmill Co. v. Lane County*, 6 Or LUBA 454 (1982). We conclude that LUBA erred by dismissing the appeal.

Reversed and remanded.