Argued and submitted May 15, reversed and remanded with instructions
July 2, 1997

# A. D. DORITY, Jr.,
and Dan Dority, III,
*Respondents,*

*v.*

# WATER RESOURCES DEPARTMENT
for the State of Oregon
and the Water Resources Commission
for the State of Oregon,
*Appellants.*

(96C-10450; CA A94934)

942 P2d 292

John T. Bagg, Assistant Attorney General, argued the cause for appellants. With him on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Laura A. Schroeder argued the cause for respondents. With her on the brief was Kathleen L. Moss.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

The Water Resources Department (the department) appeals from a circuit court judgment setting aside the department's final order that rejected as untimely the protest that plaintiffs filed against the department's approval of a water use application. ORS 183.500. The question is whether the department violated ORS 537.621 when it rejected plaintiffs' protest. We conclude that it did not, ORS 183.484(4)(a), and reverse and remand.

■ We review for errors of law. ORS 19.125(1); *Lane Transit District v. Lane County*, 146 Or App 109, 932 P2d 81 (1997). We take the facts, which are not in dispute, from the trial court's opinion letter:

"Plaintiffs own farm land adjacent to the Willamette River in Marion County. On approximately May 3, 1991, the City of Newberg submitted an application to Oregon Water Resources Department for a water use permit to appropriate ground water. The City amended the application on September 30, 1993. On October 24, 1995, the department issued a proposed final order approving with conditions the City's amended water use application #G-12515.

"Plaintiffs filed a Protest against the proposed final order on Friday, December 8, 1995, the last day of the protest period. The Protest did not then include the $200.00 protest fee which is specified in ORS 537.621(7)(f). Nevertheless, the department accepted the Protest, stamped it 'Received' and filed it in the City Water Right Application File.

"On Monday, December 11, 1995, one of Plaintiff[s'] attorneys discovered the $200.00 protest fee check was inadvertently left out of the envelope containing the protest filed on the previous Friday. Plaintiffs' attorney contacted the Department administrator; the administrator requested a copy of the check and delivery of the check, that day. Plaintiffs['] attorney delivered the $200.00 protest fee to the department later that day (December 11, 1995). The check included the notation 'Protest fee for application #G-12515'. The department negotiated and cashed the check in the normal course.

"Fifteen (15) days later in a letter dated December 26, 1995, the Department rejected the Plaintiff[s'] Protest as untimely, stating that the fee was not submitted with the protest within the 45 day period allowed by law. The letter included a refund check issued on the State's account, payable to the Plaintiffs for $200.00. The Plaintiffs and the Department exchanged further correspondence and the $200.00 fee was sent back and forth."

(Citation omitted.)

Plaintiffs subsequently filed a petition for review in Marion County Circuit Court seeking to set aside the department's rejection of their protest. Both the department and plaintiffs filed motions for summary judgment. Relying on *Ray v. Douglas County*, 140 Or App 24, 914 P2d 26 (1996), the trial court granted plaintiffs' motion for summary judgment, stating that

"like *Ray*, the relevant rules here are silent as to the consequence of a failure to include the Protest fee with the Protest at the time of filing. Because the legislature discussed jurisdiction in another but parallel context, it would have been easy to do so on the subject of a failure to deliver the fee. It chose not to do so."

The trial court's judgment directed the department to accept the filing of plaintiffs' protest, "if resubmitted for filing with [the department] within thirty days of this judgment."

The department assigns error to the trial court's granting of plaintiffs' motion for summary judgment. It argues that, under ORS 537.621, the payment of the $200 protest fee is "the jurisdictional prerequisite to the department's entertainment of a protest against a department order" and that this case is distinguishable from *Ray*. Plaintiffs respond that the payment of a protest filing fee is not a jurisdictional requirement and that, even if it is, the department "waived its right to dismiss [plaintiffs'] protest when it cashed plaintiffs' protest fee check."

ORS 537.621 provides, in part:

"(7)   Any person may submit a protest against a proposed final order. A protest shall be in writing and shall include:

"(a)   The name, address and telephone number of the protestant;

"(b)   A description of the protestant's interest in the proposed final order * * *;

"(c)   A detailed description of how the action proposed in the proposed final order would impair or be detrimental to the protestant's interest;

"(d)   A detailed description of how the proposed final order is in error or deficient and how to correct the alleged error or deficiency;

"(e)   Any citation of legal authority supporting the protest, if known; and

"(f)   *For persons other than the applicant, the protest fee required under ORS 536.050.*

"(8)   Requests for standing and *protests on the proposed final order shall be submitted within 45 days after publication of the notice of the proposed final order* in the weekly notice published by the department."

(Emphasis supplied.) ORS 536.050(1) provides, in part:

"Except as provided in subsection (2) of this section, the following fees shall be collected by the Water Resources Department *in advance*:

"* * * * *

"(k)   *For submitting a protest under ORS * * * 537.621, $200,* reduced by the amount of any protest previously paid toward the same application and for filing any other protest with the department, $25."

(Emphasis supplied.)

■       Although the parties characterize the question on appeal as "jurisdictional," we view it as the department did in its motion for summary judgment, namely, as a question of the correct interpretation of ORS 537.621(7) and (8) and ORS 536.050.[1] Our starting point, therefore, is the statutory text,

---

[1] The parties do not frame the issue in the case in terms of the agency's exercise of discretion under the statute. Consequently, we do not decide whether the department had discretion to accept the late filing fee and failed to exercise it.

read in its context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

■ * * * ORS 537.621(7) provides that a protest "shall include the protest fee required under ORS 536.050." ORS 537.621(8) provides that protests "shall be submitted within 45 days after publication of the notice of the proposed final order." ORS 536.050(1)(k) requires the department to collect the $200 protest fee "in advance." ORS 537.621 incorporates ORS 536.050 by reference, making the provisions of that statute necessary to the interpretation of ORS 537.621. Read together, the statutes require that a protest of a final order must be filed within 45 days of the publication of the notice of the proposed final order and must include the protest fee.

Our holding in *Ray* is not to the contrary. In that case, petitioners filed a Notice of Intent to Appeal with the Land Use Board of Appeals (LUBA) on the last day of the appeal period. The check that accompanied the notice was made payable to the wrong agency. LUBA treated the notice as duly filed but, nearly three weeks later, dismissed the appeal on the ground that the filing fee was not timely received. We reversed, because LUBA's action was inconsistent with the language of its own administrative rule. *Ray*, 140 Or App at 28. We stated that under ORS 197.830(8), "the filing of the notice [of appeal] is a jurisdictional event," but that the filing of the fee and deposit are not. *Ray*, 140 Or App at 27-28. That observation regarding ORS 197.830(8) is not controlling here. As explained, ORS 537.621(7) and (8), read with ORS 536.050(1)(k), require that the protest be filed within 45 days of the publication of the proposed final order and that a protest fee be included. Plaintiffs did not include the protest fee within 45 days of the publication of the proposed final order. The department did not violate ORS 537.621 when it rejected plaintiffs' protest.

■ Plaintiffs also argue that the department waived its right to dismiss the protest when it cashed their check. Although the department concedes that there are instances in which a governmental entity can waive its rights, we agree with the department that this is not one of those instances. The department's actions here affect not only its own rights under the statute, but the City of Newberg's right to have its

water use permit issued. *See Harsh Investment Corp. v. State Housing Division,* 88 Or App 151, 744 P2d 588 (1987) (an agency is not authorized to act contrary to its rules).

Because the department did not err in interpreting ORS 537.621(7) and (8), the trial court erred in granting plaintiffs' motion for summary judgment.

Reversed and remanded with instructions to grant Water Resources Department's motion for summary judgment.